Uri Litvak (SBN 277966)
ULitvak@LitvakLawGroup.com
Joel S. Poremba (SBN 195722)
JPoremba@LitvakLawGroup.com
**LITVAK LAW GROUP, P.C.**
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660
Tel.: 949.477.4900
Fax: 949.335.7113
*Attorneys for Plaintiffs, THE JDIS GROUP, LLC
And TECHNICAL HOLDINGS, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| THE JDIS GROUP, LLC, a Delaware limited liability Company; TECHNICAL HOLDINGS, LLC, a Delaware limited liability Company, <br><br> Plaintiffs, <br><br> v. <br><br> 626 HOLDINGS, LLC, a Florida limited liability Company; and DOES 1 to 20 inclusive, <br><br> Defendants. | CASE NO.: 8:20-cv-00994-DMG-DFM <br><br> **FIRST AMENDED COMPLAINT FOR:** <br><br> (1) **FRAUDULENT INDUCEMENT;** <br> (2) **FRAUDULENT CONCEALMENT;** <br> (3) **TORTIOUS INTERFERENCE;** <br> (4) **DECLARATORY RELIEF (28 USC § 2201)** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs, THE JDIS GROUP, LLC, a Delaware limited liability Company and TECHNICAL HOLDINGS, LLC, a Delaware limited liability Company, for their First Amended Complaint allege as follows[1]:

---

[1] On August 17, 2020 the Court dismissed the complaint for lack of subject matter jurisdiction and granted Plaintiffs leave to amend. Rather than limiting the amendments to only addressing the deficiencies identified by the court with respect to the citizenship of the LLCs' members,

1
FIRST AMENDED COMPLAINT

## PARTIES

1. Plaintiff, THE JDIS GROUP, LLC, (hereafter "JDIS"), is a Delaware limited liability company, with its principal place of business in California.

2. Plaintiff, TECHNICAL HOLDINGS, LLC, (hereafter "TECHNICAL"), is a Delaware limited liability company, with its principal place of business in California.

3. The sole member of THE JDIS GROUP, LLC is and was at all relevant times TECHNICAL HOLDINGS, LLC, which has its principal place of business in California and is therefore a citizen of the State of California.

4. Burke Whitney is the sole member/owner of TECHNICAL HOLDINGS LLC and was at all relevant times and remains a resident and citizen of the State of California.

5. Defendant, 626 HOLDINGS, LLC (hereafter "626"), is a Florida limited liability company with its principal place of business in the State of Florida.

6. Philip Revien is a member/owner of 626, a Florida limited liability company, and was at all relevant times, and remains, a resident and citizen of the State of Florida.

7. Michael Fischer, the other member/owner of 626, was at all relevant times, and remains, a resident and citizen of the State of Florida.

8. Plaintiffs are ignorant of the true names and capacities of Defendants sued hereunder as DOES 1-20, inclusive, and therefore sue these Defendants by such fictitious names. These Defendants, and each of them, are, and at all times herein mentioned were the predecessors, successors, agents, employees, alter-egos, co-conspirators, and/or have otherwise been involved with the wrongdoings alleged herein and their identities or involvement are unknown or unclear, and thus they are

---

Plaintiffs are taking this opportunity to also address the alleged deficiencies in the Complaint raised by the Defendant in its motion to dismiss in an effort to avoid yet another motion to dismiss.

sued by such fictitious names, and their true names will be substituted at a later date as they become known.

9. Defendants and each of them, are in a principal-agent relationship, or are co-conspirators or are otherwise jointly responsible with respect to all of the causes of action set forth herein.

## **JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and punitive damage claims, and is between citizens of different states, i.e. Plaintiffs are citizens of Delaware and California and Defendant is a citizen of Florida. Therefore, this Court has subject matter jurisdiction based on complete diversity of citizenship of the parties. 28 U.S.C § 1332(a).

2. This court has personal jurisdiction over Defendants pursuant to and consistent with the 14th Amendment Due Process Clause in that Defendants, acting through their agents or apparent agents, engaged in one or more of the following: a) the transaction of business within this state; b) the making of the contract at issue within this state; and c) the commission of tortious acts within this state as more fully alleged herein. Requiring Defendants to litigate these claims in California would not offend traditional notions of fair play and substantial justice and is permitted by the United States Constitution. All of Plaintiffs' claims arise from conduct Defendants purposefully directed to California which caused damage to Plaintiffs in California. At all relevant times, Defendants have transacted and conducted business in the State of California and derived substantial benefit and revenue from such business and transacted with Plaintiffs in the State of California.

3. Venue is properly set in this District pursuant to 28 U.S.C. § 1391(b)

since a substantial part of the events giving rise to the claims at issue occurred within this judicial district.

**GENERAL ALLEGATIONS**

4. JDIS is provider of equipment, service and parts for MRI, CT, and PET-CT systems for hospitals, clinics and resale clients around the world. Burke Whitney is the President of JDIS.

5. 626 provides maintenance services for medical technology equipment. Michael Fischer is the Chief Financial Officer of 626.

6. In April, 2019, 626 and JDIS negotiated the terms of a transaction whereby 626 would acquire 75% of JDIS for approximately $3,000,000 (the "Transaction"). The principals of 626 and JDIS executed a letter of intent ("Letter of Intent") with respect to the Transaction dated April 26, 2019. A true and correct copy of the Letter of Intent is attached hereto as **Exhibit 1**.

7. In June, 2019, 626 and TECHNICAL exchanged drafts and edits of a Membership Interest Purchase Agreement ("MIPA") wherein 626, the buyer, would purchase 75% of JDIS from Technical, the seller. A true and correct copy of the June, 2019 draft MPA is attached hereto as **Exhibit 2**. Article II, Section 2.3 of the MPA, stated that at closing, 626 would deliver a Promissory Note to TECHNICAL for "a stated principal amount of the Purchase Price". **Exhibit 2**, p. 13. The Note would have a five (5) year term and accrue interest at 4% per year and would not require re-payment until one (1) year after the closing date. **Exhibit. 2**, p. 15.

8. In the context of these negotiations, 626 represented to TECHNICAL that it had previously injected about $400,000.00 into JDIS to pay certain debts and would therefore include language in the MPA carving this amount out of the purchase price. However, in or around July, 2019, 626 insisted that JDIS execute a promissory for these alleged preclosing expenses incurred by 626 on behalf of

JDIS. Accordingly, on July 31, 2019 a promissory note ("Note") was entered into by JDIS and Technical as the purported guarantor. A true and correct copy of the Note is attached hereto as **Exhibit 3**.

9. The Note was to provide interim, pre-closing financing to JDIS but does not contain a principal dollar amount. Instead, it refers to a report that was intended to be attached as an Exhibit but was never finalized. The Note also purported to establish TECHNICAL as the guarantor of JDIS' obligations with respect to the Note, if any.

10. The Note was entered into by JDIS in conjunction with the Transaction. However, the Transaction never occurred. 626 utilized the pretense of a pending merger in order to obtain access to JDIS' employees, customers, finances, technology and its business. The Letter of Intent was nothing more than a mechanism to cloak 626's true intentions – to take control of JDIS customers, key employees then force it out of business. That Letter of Intent, unbeknownst to Plaintiff, along with pre-sale negotiations with 626, and what initially appeared to be a generous offer to extend financing pre-closing, were all a pre-text that enabled 626 to infiltrate Plaintiff's business and raid its data, customer information and key employees, thereby crippling it financially.

11. 626 wrongfully, and without permission, removed and converted JDIS' Siemens 3600 Ramp Power Supply, worth more than $60,000 from an East Coast job, in which JDIS assisted 626, and which caused JDIS to incur additional and ongoing rental and shipping fees.

12. Between July, 2019 and February, 2020, 626 approached and engaged JDIS' staff engineers and other key personnel and offered them employment with 626 without JDIS' knowledge, permission, or consent. Namely, in or around November and December, 2019, 626 approached and offered employment to the following JDIS employees, knowing they were JDIS employees: Bach Nguyen and

Raul Vargas. 626 offered employment to Nguyen and Vargas and induced them to leave employment with JDIS by disparaging JDIS and its management. Most recently, 626 solicited a JDIS engineer named Travis Sylvester and offered him employment in July, 2020.

13. Between July, 2019 and February, 2020, 626 repeatedly visited JDIS customers without JDIS' knowledge or authorization and engaged with them in an attempt to secure future business. For example, in October, 2019, JDIS introduced its client, Sterling Medical Group, to 626. The Sterling Medical Group had been a customer of JDIS for 8 years. Sterling Medical Group had service contracts in place with JDIS which represented about $25,000/Month in revenue to JDIS. 626 continued to visit this client until the JDIS service contracts were cancelled and taken over by 626. In addition, JDIS introduced 626 to its longstanding customer Total MD and 626 solicited this customer to induce them to break their service contract with JDIS.

14. 626 failed to disclose to JDIS in the context of negotiating the Transaction/MPA, a major lawsuit that had been threatened by Philips Healthcare against 626 and that would be filed immediately (the "Philips Lawsuit"). JDIS lost several customers by way of its association with 626 until JDIS discovered the pending litigation and immediately ended its relationship with 626. 626's concealment of this information caused substantial damage and lost economic opportunity to JDIS. Had JDIS known that a lawsuit by one of its customers representing more than $200,000 in annual revenue, and one of the most important players in the field, was imminent, JDIS would have never engaged with 626. The *Philips lawsuit* was damaging to JDIS by way of JDIS' mere association with 626.

15. Between July, 2019 and February, 2020, 626 engaged in grossly unprofessional and abusive misconduct, and, made hostile and belligerent phone calls to JDIS staff.

16. Between July, 2019 and February, 2020, 626 took control of JDIS' finances and failed to authorize professional vendor payments which led to the Employment Development Department of California levying JDIS's bank accounts which caused damage to JDIS. Burke Whitney was forced to personally fund vendor payments while being left off payroll, which in turn resulted in a personal financial hardship.

17. Between July, 2019 and February 2020, 626 also took control of JDIS' email server and when JDIS requested that 626 transfer control of the email server back to JDIS in mid-February, 626 caused permanent damage and data loss representing over 6 months of emails and files that once resided on the 626 controlled email servers.

18. 626's scheme was to defraud JDIS and steal its business for pennies on the dollar, rather than paying JDIS $3,000,000 pursuant to the Purchase Transaction. The principals of 626 made Burke Whitney feel confident in their intentions by extending what appeared to be a generous loan rather than the poison pill that it really was. In light of this con, Plaintiffs were justified in their reliance in that they had to no way of knowing that 626 actually intended to take JDIS' employees, data, customers, and property and put it out of business.

19. An actual controversy now exists between the parties in that 626 fraudulently induced Plaintiff to engage in the Transaction and execute the Note and 626 has tortuously interfered with JDIS' economic interests, thus causing damage to JDIS.

20. 626 now claims it is owed over $1,700,000.00 by JDIS and TECHNICAL pursuant to the Note which, again, contains no principal dollar amount. Hundreds of thousands of dollars charged to JDIS had no relationship to, or association with, anything germane to JDIS or Technical. During this time, JDIS was also performing work for 626 nationwide at a 50% discount and sold equipment

at cost and was at times pressured into "selling" 626 JDIS inventory below cost. The amounts corresponding to this work and sales were to be recognized as offsets to anything otherwise owed to 626. In good faith, JDIS continued to work or sell parts to 626 as late as March 25, 2020.

21. 626 has threatened to foreclose on JDIS's assets pursuant to the Note. This action followed.

**FIRST CAUSE OF ACTION – FRAUDULENT INDUCEMENT**

**(Against Defendant 626 Holdings, LLC, and Does 1-20)**

22. Plaintiffs incorporate herein by reference the allegations made in Paragraph Nos. 1 through 21, inclusive, as though fully set-forth herein.

23. The Note was entered into by JDIS in conjunction with the Transaction. In or around July of 2019, Philip Revien at 626 assured Burke Whitney that the amount due under the Note would simply be offset against the closing payment to be made to Technical at the close of the Transaction. However, 626 never intended to close the Transaction.

24. In actuality, 626 utilized the pretext of a pending merger in order to obtain access to JDIS's employees, customers, finances, technology and its business. The Letter of Intent was nothing more than a fraudulent mechanism to cloak 626's true intentions – to take control of JDIS customers, key employees then force it out of business. 626 knowingly misrepresented its true underlying intentions in order to trick JDIS to enter into the Note.

25. Philip Revien misrepresented and concealed 626's intentions to JDIS and Technical by feigning interest in purchasing the 75% interest in JDIS for $3,000,000, thereby inducing JDIS to enter into the Purchase Transaction and the Note. However, Mr. Revien and 626 had other plans. Mr. Revien and 626 intended to induce to JDIS to sign the Note based on its reliance on the misrepresentation that

626 intended to consummate the Purchase Transaction and that the Note would be paid from the proceeds of the sale at closing.

26. In July, 2019, Philip Revien knowingly falsely represented to Burke Whitney that 626 intended to close the Transaction and would provide interim financing to cover pre-closing expenses which would be offset against the closing payment due to Technical. Instead, Philip Revien intended to deceive Plaintiffs, or, induce their reliance so that 626 could access Plaintiffs' employees, engineers, and customers and take control of its business and its finances. Without knowing 626's true intentions, Plaintiffs justifiably relied on 626's fraudulent misrepresentations which resulted in substantial damage to Plaintiffs.

27. JDIS justifiably relied on 626's fraudulent misrepresentations and on that basis permitted it access to the JDIS business premises, allowed discounted use of its engineers, specialized tools, parts and staff, and customers, and allowed 626 to install its own controller.

28. Further, 626 failed to authorize professional vendor payments on various projects which led to the Employment Development Department of California to levy JDIS bank accounts, which could easily have been avoided, in a sum to be determined at time of trial.

29. Burke Whitney was forced to personally fund vendor payments while being left off payroll by 626.

30. Thus, the Defendants made knowingly false representations to Plaintiffs with an intent to deceive or induce reliance by Plaintiffs and Plaintiffs justifiably relied upon such false representations, thus resulting in damages.

31. On the basis of the affirmative misrepresentations of 626, as alleged herein, that induced JDIS to execute the Letter of Intent and the Note, Plaintiffs seek to rescind the Note, thus making it void *ab initio*. In the alternative, Plaintiffs are excused from any further obligation with respect to the Note due to the fraudulent

misrepresentations on the part of 626 and its principals. Plaintiffs therefore seek rescission of the Note pursuant to Cal. Civil Code § 1689(b)(1). Under §1689 a contract can be rescinded if the consent of the contracting party was "obtained through duress, menace, fraud, or undue influence."

32. The tender requirement notifying 626 of the alternative rescission remedy was satisfied by JDIS when it filed and served the Complaint. Cal.Civ.Code § 1691.

33. The Note is a nullity because of the fraudulent representations made by 626 and its principals with respect to 626's plan to use the pretext of the Transaction and the Letter of Intent as a scheme to recruit and poach JDIS's key employees, engineers, and customers and ultimately put JDIS out of business.

34. The actions of Defendants and each of them, were willful, intentional, wanton, malicious, and without justification, and Plaintiffs are entitled to punitive damages according to proof at trial. Defendants' conduct described herein was intended by Defendants to cause injury to Plaintiffs, or, was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiffs, or, subjected Plaintiffs to cruel and unjust hardship in conscious of Plaintiffs' rights, or constituted intentional misrepresentation of a material fact known to the Defendants made with the intention to deprive Plaintiffs' of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under California Civil Code § 3294, thereby entitling Plaintiffs to punitive damages in an amount appropriate to punish or set an example of Defendants.

**SECOND CAUSE OF ACTION – FRAUDULENT CONCEALMENT**
**(Against Defendant 626 Holdings, LLC, and Does 1-20)**

35. Plaintiffs incorporate herein by reference the allegations made in Paragraph Nos. 1 through 34, inclusive, as though fully set-forth herein.

36. Between April 2019 and February, 2020, 626 concealed its true intentions behind entering into the Transaction, the Letter of Intent and the Note, i.e. to actively recruit and poach JDIS's engineers and other key employees, and its customers, take control of its finances, and to ultimately put JDIS out of business. Further, 626 concealed the fact that it was a defendant in a lawsuit filed against it by Philips Healthcare.

37. As contracting parties with respect to the Transaction and the Note, 626 had a duty to disclose these facts to Burke Whitney. Philip Revien intentionally concealed or suppressed the recruiting scheme from Plaintiffs with the intend to defraud Plaintiffs. Mr. Revien concealed or suppressed a material fact, namely, that 626 was using the purported Purchase Transaction as a mechanism to raid JDIS, take control of its business and its finances, recruit its employees and ultimately cripple it so that it could take control of its assets as a creditor. 626 had a duty to reveal these devious intentions to JDIS but obviously chose to keep them concealed. Mr. Revien intentionally concealed his raiding and recruiting scheme.

38. Plaintiffs were unaware of Defendants' recruitment scheme and had Plaintiffs known of the concealed facts, they would not have entered into the Letter of Intent or the Note. 626 concealed its true intentions from JDIS and did so intentionally knowledge of its hidden scheme. 626 fraudulently misrepresented facts and concealed its intention to raid and pillage JDIS under the pretense of a Purchase Transaction that 626 had no intention of consummating. As a result, Plaintiffs were damages in an amount greater than $75,000.

39. Further, had JDIS known that a lawsuit by one of its major customers are one of the most important players in the field was imminent, it would have never engaged with 626. Concealment that a lawsuit was to be filed in mere days, rather than one that had been filed, is a distinction without qualitative difference. After the *Philips Lawsuit* was filed, 626 actively concealed it from JDIS. In so doing, 626

effectively chose to conceal its known claims and liabilities from JDIS because they had yet to turn into a lawsuit. JDIS' association with 626, given the *Philips Lawsuit* and its post-filing concealment, cost JDIS customers and is, therefore, an element of its damages according to proof at time of trial.

40. Based on the concealment of material facts as alleged herein, that induced JDIS to execute the Letter of Intent and the Note, Plaintiffs are entitled to rescission and seek to void the Note *ab initio*. Plaintiffs therefore seek rescission of the Note pursuant to Civil Code § 1689(b)(1). Under § 1689 a contract can be rescinded if the consent of the contracting party was "obtained through duress, menace, fraud, or undue influence."

41. The actions of Defendants and each of them, were willful, intentional, wanton, malicious, and without justification, and Plaintiffs are entitled to punitive damages according to proof at trial. Defendants' conduct described herein was intended by Defendants to cause injury to Plaintiffs, or, was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiffs, or, subjected Plaintiffs to cruel and unjust hardship in conscious of Plaintiffs' rights, or constituted intentional misrepresentation of a material fact known to the Defendants made with the intention to deprive Plaintiffs' of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under California Civil Code § 3294, thereby entitling Plaintiffs to punitive damages in an amount appropriate to punish or set an example of Defendants.

## THIRD CAUSE OF ACTION – TORTIOUS INTERFERENCE
### (Against Defendant 626 Holdings, LLC, and Does 1-20)

42. Plaintiffs incorporate herein by reference the allegations made in Paragraph Nos. 1 through 41, inclusive, as though fully set-forth herein.

43. 626 knew that JDIS' engineers and staff were JDIS employees and not

its own. 626 knew that these individuals were in employment relationships with JDIS. Notwithstanding such knowledge, 626 acted to lure away JDIS employees and to recruit several for its own economic advantage and JDIS' disadvantage. 626 engaged in such conduct knowingly and with an intent to harm JDIS. 626 interfered with JDIS' contractual relationships, not a specific contract term(s). It is the at-will relationship that is protected, not the named employee.

44. In so doing, 626 induced JDIS employees to leave JDIS and some did exactly that. 626 intended to disrupt the relationship between JDIS and its employees and/or knew that disruption of the relationship was certain, or substantially certain, to occur. 626's intentional interference was designed to induce a breach or disruption of the contractual business relationships with JDIS, which caused JDIS substantial damages. Namely, on or around November and December 2019, 626 approached and offered employment to the following JDIS employees, knowing they were JDIS employees: Bach Nguyen and Raul Vargas. 626 offered employment to Nguyen and Vargas and induced them to leave employment with JDIS. Most recently, 626 solicited a JDIS engineer named Travis Sylvester and offered him employment in July, 2020. Most recently, 626 solicited a JDIS engineer named Travis Sylvester and offered him employment in July, 2020.

45. Further, without JDIS' knowledge, or, permission, 626 repeatedly visited JDIS customers in an attempt to disrupt JDIS's relationship with such customers and secure the business for 626. For example, JDIS introduced its client, Sterling Medical Group, to 626. The Sterling Medical Group had been a customer of JDIS for 8 years. Sterling Medical Group had service contracts in place with JDIS which represented about $25,000/Month in revenue to JDIS. 626 continued to solicit this client until the JDIS service contracts were cancelled and taken over by 626. In addition, JDIS introduced 626 to its longstanding customer Total MD and 626 solicited this customer to induce it to break its service contract with JDIS.

46. By engaging in this conduct, Defendants intended to disrupt the relationship or knew that disruption of the relationship was certain or substantially certain to occur. As a result of this conduct, these customer relationships were disrupted, which caused substantial damage to JDIS in an amount to be proven at trial.

47. The Defendants' and each of them, were willful, intentional, wanton, malicious, and without justification, and Plaintiffs are entitled to punitive damages according to proof. Defendants' conduct described herein was intended by Defendants to cause injury to Plaintiffs, or, was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiffs, or, subjected Plaintiffs to cruel and unjust hardship in conscious of Plaintiffs' rights, or, was an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention to deprive Plaintiffs' of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under California Civil Code § 3294, thereby entitling Plaintiffs to punitive damages in an amount appropriate to punish or set an example of Defendants.

## FOURTH CAUSE OF ACTION – DECLARATORY RELIEF
## 28 U.S.C. § 2201

**(Against Defendant 626 Holdings, LLC, and Does 1-20)**

48. Plaintiffs incorporate herein by reference the allegations made in Paragraph Nos. 1 through 47, inclusive, as though fully set-forth herein.

49. A good faith case and controversy has arisen between Plaintiffs and Defendants and each of them calling for a resolution of the issue of contractual duties and obligations due under the Note between the parties and their agents and assigns pursuant to 28 USC § 2201.

50. Defendant fraudulently induced Plaintiff to enter into the Note, the

terms and principal of which are uncertain. This constitutes an actual controversy.

51. The controversy is ripe for a resolution by hearing with issuance of findings of fact concerning the nature and extent of the duties and obligations under the Note.

52. Plaintiffs seek such resolution by a declaration setting forth those facts and findings in resolution of the dispute.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray the Court order the following relief:

a. Grant judgment in favor of Plaintiffs and against Defendants jointly and severally;

b. Grant all appropriate injunctive relief;

c. For general damages;

d. Award Plaintiffs an appropriate amount in monetary damages as determined at trial, including pre and post judgment interest;

e. Award Plaintiffs exemplary and punitive damages, pursuant to Civil Code § 3294 (First, Second and Third Causes of Action);

f. For a judgment of rescission, restoring Plaintiffs to their position prior to the tortious conduct, that occurred to induce them to enter into the alleged contractual agreement(s) with Defendants;

g. For costs of suit incurred in this action;

h. Grant Plaintiffs such other relief as is just and appropriate.

DATED: August 24, 2020        **LITVAK LAW GROUP, P. C.**

_____
 Uri Litvak
 Joel S. Poremba
 *Attorneys for Plaintiffs THE JDIS GROUP, LLC, and, TECHNICAL HOLDINGS, LLC*

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on any and all claims so triable.

**LITVAK LAW GROUP, P. C.**

_____
Uri Litvak
Joel S. Poremba
*Attorneys for Plaintiff THE JDIS GROUP, LLC, and, TECHNICAL HOLDINGS, LLC*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 24, 2020, I caused the foregoing to be served on counsel for Defendant via the emails listed below.

## PLAINTIFFS' FIRST AMENDED COMPLAINT

| | |
|---|---|
| Beth Ann R. Young, Esq.<br>bry@lnbyb.com<br>Richard P. Steelman, Jr., Esq.<br>rps@lnbyb.com<br>**Levene Neale Bender Yoo & Brill LLP**<br>10250 Constellation Blvd.<br>Suite 1700<br>Los Angeles, CA. 90067<br>Tel: 310.229.1234 | ***Attorneys for Defendants***<br>*626 Holdings, LLC* |

     /s/ *Sylvia B. Iwai*
     Sylvia B. Iwai